UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL NO. 10-104-JJB

VERSUS

HENRY L. JONES, ET AL.

## **RULING ON 404(b) EVIDENCE OF PRIOR CONVICTIONS**

Before the Court are several notices of the government's intent to introduce evidence under Fed. Rule Evid. 404(b). Specifically, the government has introduced notices of prior convictions as to the following individuals who remain in this case:

(1) Henry Jones, for his convictions in two related health care fraud matters: *United States v. Ngari*, No. 10-cr-060-JJB and *United States v. McKenzie*, No. 11-cr-009-JJB;

(2) Chikenna Jones, for her conviction in the *McKenzie* trial;

(3) Sofjan Lamid, for his conviction in the *Ngari* trial;

The Court ordered defendants to state their opposition to the government's notices (Doc. 283), and defendants Karen Rayburn, Henry Jones, and Beulah Richardson did so. (*See* Docs. 286-88; *see also* Memo. in Opp. by Chikenna Jones, Doc. 92 in *McKenzie*, 11-cr-009-JJB). Because of the overlapping nature of the criminal charges and the defendants in the *McKenzie* case and this case (hereinafter "*Jones*"), the Court held a joint hearing on October 11, 2011. (Doc. 296). Because the *McKenzie* trial took place on November 7-10, 2011, the Court ruled on the admissibility of the evidence in *McKenzie* (Doc. 149 in 11-cr-009-JJB) but deferred ruling on the merits of the notices in this case until after the outcome of the *McKenzie* trial. That case has now completed and the defendants therein—Henry Jones and Chikenna Jones—were found

1

guilty. Jo Ann Francis, Mary Griffin, and Stephanie Dangerfield, who were originally *McKenzie* defendants as well, all plead guilty before trial to charges in both *McKenzie* and this case. (*See* Docs. 299-300 (Dangerfield), 301-02 (Griffin), *and* 304-05 (Francis)). The government now seeks to introduce evidence of the aforementioned convictions and moves *in limine* to obtain a ruling from this Court in advance of trial in this matter. (Doc. 306).

For the same reasons that the Court declined to permit introduction of the extrinsic indictments and convictions in *Ngari* and *McKenzie*, the Court likewise declines to admit the convictions of Henry Jones, Chikenna Jones, and Sofjan Lamid from the prior *Ngari* and *McKenzie* trials into evidence in this matter.

Federal Rule of Evidence 404(b) states, in relevant part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of … intent, … [or] knowledge…." As the Fifth Circuit has stated, "[e]vidence of prior offenses is admissible if it is (1) relevant to an issue other than defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Carrillo*, -- F.3d --, No. 10-50243, 2011 WL 4921293, at *12 (5th Cir. Oct. 18, 2011) (quotations and citation omitted). The government is correct in noting that the convictions are relevant to issues other than the characters of the Joneses and Lamid. The *Ngari* and *McKenzie* convictions show they had knowledge sufficient to conspire to defraud Medicare and to pay and receive health care kickbacks. Moreover, since all have pled not guilty in this case, they have put their knowledge and intent to commit the crimes charged in this indictment into issue. *Id.*

When, as here, prior convictions closely parallel the charged crimes, introduction of the convictions becomes at once more probative and more prejudicial. It is more probative, of course, for obvious reasons: the mechanics of the scheme for which the defendants were previously convicted are quite similar to the scheme charged here. In fact, the only relevant difference in the indictments involved which position Henry and Chikenna Jones occupied within the medical supply corporations they used to allegedly defraud Medicare. The offenses for which they were convicted are identical to the offenses charged here – both *Ngari* and *McKenzie* charged the exact same crimes of conspiracy to commit health care fraud and conspiracy to pay and receive health care kickbacks. But for the same reasons the convictions retain high probative value, they also become more prejudicial. The similarity of the crimes for which the defendants have been previously convicted and for which they are currently charged presents a danger that the jury will convict them of the charged offenses because of their prior conviction. *See United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) (en banc). The probative value of the convictions are also somewhat dampened by the fact that the government will be introducing "inextricably intertwined" evidence in this case that was also introduced in the *Ngari* and *McKenzie* cases, which resulted in the convictions at issue in this ruling. The Court finds the incremental probative value of the conviction itself is substantially outweighed by the danger of unfair prejudice to Henry Jones, making the evidence excludable under Fed. Rule Evid. 403.

Moreover, the other Rule 403 dangers of confusing the jury, unduly delaying the trial length, needlessly wasting time, and avoiding unfair prejudice to the previously convicted defendants (not to mention the other defendants) in this case appear particularly high here. Due to the overlapping cast of characters and the similarity of the allegations in this indictment when

3

compared to the schemes in *Ngari* and *McKenzie*, it may well be difficult for a jury of lay persons to appreciate the intricate distinctions between the various conspiracies. This Court has already made a ruling in the *McKenzie* that there exists legally relevant distinctions between the conspiracies charged in *Ngari*, *McKenzie* and this case, but those differences may be lost on the lay jurors who will determine the facts in this case. When combined with the existence of inextricably intertwined evidence from the previous trials, this Court is firmly convinced that introductions of prior convictions on charges extremely similar to those at issue here will confuse the jury. Moreover, the lengthy caveats which will be required of counsel throughout the trial and of the Court in its instructions during and at the close of trial will not be insubstantial. The prior *Ngari* and *McKenzie* cases contained their fair share of undue delay, as every trial inherently does, but the Court does not wish to prolong compound those delays by adding a layer of complexity to this case that need not exist.

This Court refused to allow the extrinsic evidence of the indictments from this case and *McKenzie* into the *Ngari* trial, yet the government obtained convictions on all counts in that case. Similarly, this Court refused to allow the extrinsic evidence of the *Ngari* convictions and the indictments from this case into the *McKenzie* case, and again the government obtained convictions on all counts in that case. There is thus no reason to think the government cannot continue to prosecute this case in an effective manner without the 404(b) evidence it seeks to introduce. And if the trend holds, it will be able to obtain convictions in this matter without resort to extrinsic evidence of prior convictions which will only serve to prolong the trial, confuse the jury, and potentially prejudice both the previously-convicted defendants and the others in this case. This Court, of course, neither expresses an opinion as to the desirability of that occurrence nor offers a forecast as to its likelihood, but those are the facts before the Court.

The Court is not unsympathetic to the government's position. But this Court is vested with broad discretion to assess admissibility under Fed. Rules Evid. 403 and 404, *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996), and it must exercise that discretion in a manner it deems the interests of justice require. When judicial resources, the expeditious administration of justice, and concerns for effective jury fact-finding clearly point to one outcome, the Court must have persuasive reasons to depart from that path. The government has made its case, but this time it comes up short.

## CONCLUSION; ORDER

Accordingly, the Court finds the 404(b) evidence proffered by the government INADMISSIBLE in this case.

Signed in Baton Rouge, Louisiana, on December 20, 2011.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**